UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 13 |
| KIMBERLY D. REID | : | |
| Debtor | : | Bankruptcy No. 09-19695bf |
| KIMBERLY D. REID | : | |
| Plaintiff | : | |
| v. | : | |
| CITADEL FINANCIAL CREDIT UNION | : | Adversary No. 09-0388 |
| Defendants | : | |

................................................

ORDER

................................................

AND NOW, this 13th day of January 2010, for the reasons stated in the accompanying memorandum, it is hereby ordered that judgment of turnover under 11 U.S.C. § 542(a) is entered in favor of the plaintiff and against the defendant. It is further ordered that the following terms of the preliminary injunction are hereby made final:

    1. Defendant Citadel Federal Credit Union ("Citadel") shall release into Debtor's possession the 2002 Honda Accord, VIN NO. 1HGCG22552A008669 (the "Vehicle"), subject to the following conditions:

        A. Debtor shall first tender to Citadel by certified check or money order one month's regular payment under the Vehicle loan, i.e. $260.10.

        B. Upon receipt of this payment Citadel shall inform the Debtor as to the location where the

      Vehicle is being held and allow her to retrieve the Vehicle from that location;

      C. Citadel may allocate the payment, and further adequate protection payments discussed below, to the repossession fee and storage charges incurred until they are paid in full;

      D. Debtor shall continue to maintain insurance on the Vehicle.

2. Pursuant to 11 U.S.C. § 1326(a)(1)(C), Debtor shall make pre-confirmation adequate protection payments in the amount of $260.10 directly to Citadel, by certified check, money order, or cash on the regular due date of the Vehicle loan, <u>i.e.</u> the 25th of the month, commencing in January 2010.  Debtor will provide proof of these payments to the Standing Chapter 13 Trustee.

3. If Debtor fails to make an adequate protection payment or ceases to maintain insurance on the Vehicle, Citadel will mail to the Debtor a notice of default that allows Debtor ten (10) days to cure the default.  A copy of this notice shall be mailed to Debtor's counsel and the Standing Chapter 13 Trustee.

4. Debtor's failure to cure a default discussed above shall result in Citadel being able to obtain relief from the automatic stay by filing with the Court a certification of default, without the need for a further notice or hearing.

Upon entry of this order, this adversary proceeding shall be closed.

                                      */s/ Bruce Fox*
                              BRUCE FOX
                     United States Bankruptcy Judge

copies to:

Alfonso G. Madrid, Esq.
723-25 Banbridge St., Suite E
Philadelphia, PA 19147

Ms. Kimberly D. Reid
8723 West Chester Pike, Apt. .K6
Upper Darby, PA 19082

Christopher J. Pippett, Esq.
Saul Ewing LLP
1200 Liberty Ridge, Suite 200
Wayne, PA 19087

Citadel Federal Credit Union
Attn: Officer or Managing Agent
PO Box 147
Thorndale, PA 19372